70 F.3d 1282
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Usman Shehu SULE, Petitioner-Appellant,
v.
Bill R. STORY, Defendant-Appellee.
 No. 95-1195.
 D.C. No. 95-B-439.
 United States Court of Appeals, Tenth Circuit.
 Nov. 27, 1995.
 
 Before MOORE, BARRETT and EBEL, Circuit Judges.
 ORDER AND JUDGMENT[1]
 BARRETT, Senior Circuit Judge.
 
 
 1
 After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); Tenth Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Usman Shehu Sule (Sule), appearing pro se and having been granted leave to proceed in forma pauperis, appeals the district court's denial of his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. 2241.
 
 
 3
 Sule is currently incarcerated at the Federal Correctional Institution in Florence, Colorado. He initiated this action on February 23, 1995, by filing a pleading styled as a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. 2241, 2243, and 1651(a).
 
 
 4
 The matter was referred to United States Magistrate Judge Richard M. Borchers who issued a Recommendation on April 3, 1995, in which he concluded that Sule's petition should be denied. The magistrate found that since Sule's petition alleged "a number of problems with his criminal conviction," the proper attack should be a motion pursuant to 28 U.S.C. 2255[2] to be filed in the sentencing court, which in Sule's case is the United States District Court for the District of Oregon. (R., Doc. 7 at 2). The magistrate recognized that "an application for a writ of habeas corpus pursuant to 2241 on behalf of a person authorized to apply for relief pursuant to 2255 shall not be entertained unless it appears that the 2255 remedy is inadequate or ineffective to test the legality of the prisoner's detention." Id. The magistrate found that the limited circumstances in which a 2255 petition is "inadequate" or "ineffective" were not applicable in this case; therefore, Sule should challenge the legality of his conviction by filing a motion pursuant to 2255. Id. at 3.
 
 
 5
 On April 19, 1995, Sule filed his objections to the magistrate's Recommendation.[3] The district court, noting Sule's objections to the magistrate's recommendation, entered an Order on May 1, 1995, adopting the magistrate's Recommendation in full and denying Sule's petition for a writ of habeas corpus.
 
 
 6
 On appeal, Sule contends that the district court committed reversible error when it decided it lacked subject matter jurisdiction over his petition and that Congress did not intend to have 2255 "supplant the traditional habeas corpus petition pursuant to 28 U.S.C. 2241."
 
 
 7
 Although we plainly have jurisdiction over this appeal, see 28 U.S.C. 1291, 2253, 2255, we have adopted a firm waiver rule when a party fails to timely object to the findings and recommendations of the magistrate. Moore v. United States, 950 F.2d 656, 659 (10th Cir.1991). Our waiver rule provides that the failure to make timely objections to the magistrate's findings and/or recommendations waives appellate review of both factual and legal questions unless the interest of justice dictates otherwise.[4] Id.
 
 
 8
 The magistrate specifically warned Sule that he had ten days within which to file any written objections and that failure to timely file any written objections may bar de novo review by the district court and may bar him from appealing the factual findings of the recommendation that may be adopted by the district court. Even after being fully warned of the consequences of failing to timely file written objections, Sule did not file his objections until April 19, 1995. Under these circumstances, the interest of justice does not dictate that we circumvent our waiver rule.
 
 
 9
 Accordingly, we hold that Sule waived appellate review by his untimely filing of written objections to the magistrate's Recommendation.
 
 
 10
 AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 28 U.S.C. 2255 provides that a prisoner in custody by virtue of a sentence imposed by a federal court claiming that he should be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States may move the court which imposed the sentence to vacate, set aside or correct the sentence
 
 
 [3]
 We will assume, only for the purposes of this appeal, that Sule's written objection was delivered to the prison authorities on April 19, 1995, the date he signed it. Therefore, it is deemed "filed" on that date. See Houston v. Lack, 487 U.S. 266 (1988)
 
 
 [4]
 This failure to object does not waive issues concerning the magistrate's jurisdiction, however. Moore, 950 F.2d at 659 n. 7